THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH TRAFAS, Plaintiff in Error.

*Opinion filed October 26, 1909.*

APPEALS AND ERRORS—*when a judgment must be affirmed for want of bill of exceptions.* Absence of a bill of exceptions from the record in a criminal case requires an affirmance of the judgment below, where the only errors assigned which are argued in the brief of the plaintiff in error are that the trial court erred in the admission of evidence and that the verdict is contrary to the evidence, as neither of such assignments can be considered without the evidence, and the court's rulings thereon, being preserved by a bill of exceptions and incorporated in the record.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

W. G. ANDERSON, (GEORGE H. SUGRUE, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAY-MAN, State's Attorney, and JUNE C. SMITH, (JOHN E. NORTHUP, of counsel,) for the People.

Per CURIAM: The plaintiff in error was convicted of the crime of robbery in the criminal court of Cook county and sentenced to the penitentiary at Joliet for an indeterminate period, and he has sued out a writ of error from this court to review said judgment of conviction.

At a former term of this court the bill of exceptions, upon the motion of the Attorney General, was stricken from the transcript of the record, and that transcript, as now made up, contains no bill of exceptions, and the only errors assigned upon the transcript of the record, which are argued in the brief of plaintiff in error filed in this court, are, first, the trial court erred in the admission of evidence; and second, the verdict is contrary to the evidence. Neither of these assignments of error can be considered without the evidence heard upon the trial and the rulings of the court thereon being preserved by bill of exceptions and incorporated in the transcript of the record filed in this court. There being no questions, therefore, presented to this court upon this record for review, the judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*